UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ALEKSANDR SOSNOVSKII,
Petitioner,

v.

JEREMY CASEY, et al.,
Respondents.

Case No.: 26-CV-3454 JLS (AHG)

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

(ECF No. 10)

Presently before the Court is Petitioner Aleksandr Sosnovskii.'s First Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 10). Also before the Court are Respondents' Return ("Ret.," ECF No. 11) and Petitioner's Traverse (ECF No. 12). Also before the Court is the Parties' Joint Status Report ("Report," ECF No. 14). For the reasons set forth below, the Court **GRANTS IN PART** Petitioner's First Amended Petition for Writ of Habeas Corpus and **ORDERS** Petitioner's release.

**BACKGROUND**

Petitioner was born in Belarus but left for Russia when he was a baby. Pet. at 1. He alleges he has been detained since August 8, 2024. *Id.* at 2. An Immigration Judge (IJ) ordered Petitioner removed to Belarus and Russia but granted withholding of removal to Russia. Ret. at 1. After an appeal to the Ninth Circuit, the Board of Immigration Appeals ("BIA") finalized Petitioner's removal on April 8, 2026. Pet. at 2; Ret. at 1.

DHS initially attempted to remove Petitioner to Belarus. On August 11, 2026, the Embassy of Belarus denied the travel document request, stating there was no proof Petitioner ever had or currently has citizenship there. Report at 1. On October 5, 2026, the government indicated it was looking for a third country for removal. *Id.*

Petitioner claims that their continued detention violates *Zadvydas v. Davis*, 533 U.S. 678 (2001), 8 U.S.C. § 1231.

## LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez-Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention—federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 138 S. Ct. 830 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

## DISCUSSION

When an alien is denied asylum, granted withholding of removal under 8 U.S.C. § 1231(b)(3), and ordered removed, they must be detained for ninety days (90) pending the government's efforts to secure their removal to a third country. *See* 28 U.S.C. § 1231(a)(2). This ninety-day period is referred to as the "removal period." § 1231(a)(1)(A). After the removal period, this statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States" and "does not permit indefinite detention." *Zadvydas*, 533 U.S. at 689. A six-month period of post-removal detention constitutes a "presumptively reasonable period of detention." *Id.* at 701.

After this six-month period passes, the petitioner has the burden to "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* If petitioner satisfies their initial burden, it then shifts to the Government to rebut that showing. *Id.* "[F]or detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.* "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. In that case, the alien's release may be conditioned on any of the various forms of conditioned release. *Id.* at 700.

"[T]he removal period begins when an alien is 'ordered removed,' and the removal order becomes 'administratively final.'" *Johnson v. Guzman Chavez*, 594 U.S. 523, 534 (2021).

Section 1231(a)(1)(B) states that:

> The removal period begins on the latest of the following:
> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

The Court finds that Petitioner has satisfied their initial burden. Petitioner argues that "he has already been detained for six months after the April 8, 2026, final order or removal" and has been detained for over two years in total. Report at 2. Nor has the government provided documentation as to removal to a third country. *Id.*; *see PenaGil v. Lyons*, No. 25-CV-03268-PAB-NRN, 2025 WL 3268333, at *3 (D. Colo. Nov. 24, 2025) (granting petition where government "produced no documentation regarding petitioner's deportation to a third country and were twice unsuccessful in deporting petitioner to Mexico"). Because Petitioner has shown good reason to believe they will not be removed

in the reasonably foreseeable future, the burden now shifts to Respondents to rebut Petitioner's showing. *Zadvydas*, 533 at 701.

Respondents argue that there is significant likelihood of removal in the reasonably foreseeable future because ERO is seeking a third country for removal. Report at 1. Respondents, however, do not point to any evidence that they have selected a third country or taken any action to effectuate removal since attempting to remove Petitioner to Belarus. *See generally* Report; *see also Grishchenko v. Noem*, No. 25-CV-3514-JES-JLB, 2025 WL 3675070, at *2 (S.D. Cal. Dec. 17, 2025) ("Respondents do not identify any potential countries which might accept Petitioner's third country removal, or any factors related to Petitioner or people like him which might make a future removal attempt successful when others have failed."). The Court concludes that Respondents have failed to rebut Petitioner's showing that there is no significant likelihood of removal. Accordingly, the Court **GRANTS IN PART** the Amended Petition.

## CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** Petitioner's First Amended Petition for Writ of Habeas Corpus (ECF No. 10), and **ORDERS** Respondents to immediately release Petitioner from custody, subject to appropriate conditions of supervision to be determined by immigration authorities and in accordance with applicable statutory and regulatory procedures. The Parties are **ORDERED** to file a Joint Status Report no more than seven (7) days after the electronic docketing of this order, confirming that Petitioner has been released. As this concludes the litigation in this case, Petitioner's Motion for Leave to Proceed *In Forma Pauperis* is **DENIED AS MOOT** and the Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: October 8, 2026

Janis L. Sammartino
Hon. Janis L. Sammartino
United States District Judge